IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ELENA REYES,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv183 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| **SWIFT & COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Elena Reyes. The plaintiff qualifies to proceed IFP, and, therefore, filing no. 2 is granted. However, because the plaintiff is proceeding IFP, the court must conduct initial review of the complaint.

**Initial Review**

The plaintiff has filed a complaint against her former employer, Swift & Company, alleging employment discrimination based on the plaintiff's race and Hispanic national origin. Although the complaint does not specify the statutory and jurisdictional basis for this action, construed liberally, the complaint may be founded on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), and/or 42 U.S.C. § 1981.

The documents attached to and incorporated into the complaint suggest a dispute as to precisely when the defendant discharged the plaintiff from her job cleaning cattle. The plaintiff filed an administrative charge on August 24, 2004 with the Nebraska Equal Opportunity Commission ("NEOC"), alleging that the defendant terminated her employment on April 15, 2004 (101 days earlier). However, the NEOC dismissed the plaintiff's charge as untimely because, based on information from the defendant, the plaintiff had been fired considerably earlier, and she did not file her NEOC claim within 300 days after her

discharge. On the other hand, the plaintiff has attached an earnings statement to her complaint indicating that she was still employed by the defendant during the period of February 17, 2004 - February 23, 2004, well within the 300-day filing period for an administrative charge.

While the documents incorporated into the complaint suggest that the plaintiff experienced disparate treatment regarding the provision of eye care and eyeglasses necessary to perform her job, the complaint itself requires more detail. For example, it is not clear whether the plaintiff bases her claim on the difference in treatment regarding eyeglasses or on her discharge, or both. In addition, the plaintiff has not specifically identified the statutory and jurisdictional basis for this action. Accordingly, the plaintiff will be given an opportunity to file an Amended Complaint by **June 15, 2005**, stating whether she relies on Title VII, 42 U.S.C. § 1981, or both,[1] and describing the factual background of her claims with greater detail.

IT THEREFORE, HEREBY IS ORDERED:

1. filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is granted;

2. Plaintiff is given until **June 15, 2005** to file an Amended Complaint which properly sets forth a claim on which relief can be granted, including whether she bases her claims on Title VII and/or 42 U.S.C. § 1981, and in which she shall provide more factual detail about her claims; and

---

[1] While a claim of race-based employment discrimination under Title VII requires exhaustion of administrative remedies, a claim under 42 U.S.C. § 1981 does not. See, e.g., Winbush v. State of Iowa By Glenwood State Hosp., 66 F.3d 1471, 1486 (8th Cir. 1995): "Suits under § 1981 do not require the administrative exhaustion procedures found under Title VII." Accord Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000). Therefore, notwithstanding the ambiguity regarding the plaintiff's timely exhaustion of Title VII administrative remedies, the plaintiff does have a jurisdictional basis under 42 U.S.C. § 1981 for a claim of racial discrimination in employment against a private company.

3. That in the absence of a timely and sufficient Amended Complaint, this case may be subject, without further notice, to dismissal without prejudice by a district judge.

.

DATED this 13th day of May, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge