IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ELENA REYES,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv183 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| **SWIFT & COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 5, the Amended Complaint filed by the plaintiff, Elena Reyes. The plaintiff is proceeding in forma pauperis ("IFP"). In my Memorandum and Order of May 13, 2005 (filing no. 4), I directed the plaintiff to file an Amended Complaint establishing whether she bases her claims on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), and/or 42 U.S.C. § 1981 and providing more factual detail about her claims.

**Initial Review**

The plaintiff has filed a timely Amended Complaint against her former employer, Swift & Company, alleging employment discrimination based on the plaintiff's race and Hispanic national origin. While the plaintiff has not established Title VII as a jurisdictional and statutory basis for her claim of employment discrimination against the defendant, she may proceed under 42 U.S.C. § 1981. Section 1981 applies to race and may extend to identifiable ethnic characteristics. See, e.g., Saint Francis College v. Al-Khazraji, 481 U.S. 604, 612-13 (1987) ("Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."). Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case. Both require proof of discriminatory treatment and the same set of facts can give rise to

1

both claims.  Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 850 (9th Cir. 2004).  The plaintiff's § 1981 claim appears to be timely under 28 U.S.C. § 1658, which provides a four-year statute of limitations for claims made under federal statutes that were enacted after December 1, 1990.  See 28 U.S.C. § 1658(a); Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836, 1845 (2004) (applying 28 U.S.C. § 1658 to § 1981 claims for wrongful termination, failure-to-transfer and hostile work environment because such claims were "made possible" by the Civil Rights Act of 1991).

I provisionally construe the plaintiff's Amended Complaint as alleging illegal racial discrimination in the provision of eye care and eyeglasses necessary to perform her job with the defendant and in discharging the plaintiff from employment.  Having reviewed the Amended Complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.  Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

THEREFORE, IT IS ORDERED:

1.     To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

2.     The plaintiff shall, as soon as possible, complete the forms for service of process on the defendant and send the completed forms back to the Clerk of Court. Without the completed forms, service of process cannot occur.

3.     Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the Amended Complaint, to the U.S. Marshal for service of process.  A plaintiff proceeding IFP does not have to copy a complaint; the court will do so for the plaintiff.

4.     The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska

law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter, without further notice, as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by the defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of a represented defendant. To send communications to the court without serving a copy on the other parties or their attorney(s) violates the rules of court.

9. The defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the Amended Complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 12th day of July, 2005.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If a person is not named in the case caption of the operative complaint (generally the most recent complaint), that person will not be served with process. If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for each party to be served. The U.S. Marshal will not know a defendant's address.

7. Only one defendant may be named on each summons and each form 285. You must complete one summons and one form 285 for every defendant.

8. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

9. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

10. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

11. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.